UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| THOMAS STEVEN BENTULAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:15-CV-381-HBG |
| | ) |
| NANCY A. BERRYHILL,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 16]. Now before the Court is the Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 16 & 17] and the Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 19 & 20]. Thomas Steven Bentulan ("Bentulan") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of the Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("the Commissioner").

Bentulan filed for Title II Disability Insurance Benefits on July 24, 2012 (Tr. 60, 159-160). The application was denied on September 25, 2012 (Tr. 90-92) and again on reconsideration on November 13, 2012 (Tr. 95-96). Following two hearings, the Administrative Law Judge ("ALJ") entered an unfavorable decision on August 19, 2014 (Tr. 15-30). The decision became final when the Appeal Council denied review on July 1, 2015 (Tr. 1-4).

---

[1] During the pendency of this case, Nancy A. Berryhill replaced Acting Commissioner Carolyn W. Colvin. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the Defendant in this case.

I.  **BACKGROUND**

Bentulan was 57 years of age when the ALJ issued the Decision in this case (Tr. 397). His past relevant work experience is as a juvenile corrections counselor, a job he held from April, 1993 until February, 2004, when he was terminated (Tr. 178). Bentulan does not allege that he stopped the corrections counselor job due to disability. Bentulan testified that he was terminated from the corrections counselor job even though he was doing "a great job":

> Q. (by ALJ): what was the reason for this wrongful termination?
>
> A. They call it insubordination, but I actually was doing a great job. My scores. . . . I've gotten fives, which were superior for state employees, so it wasn't my performance, but a lot of the things that I was told to do was, I thought, immoral and unethical and then when I told them to put it in writing, of course, so it wouldn't go on me if something went wrong, they put me on a – the list of people they don't particularly like, so I feel like I'm being punished for actually doing a good job (Tr. 418).

Bentulan has no past relevant work after his termination as a corrections counselor.

The Plaintiff alleges disability based on a thyroid disorder and claims of severe fatigue, dizziness, headaches and vision problems. The Plaintiff originally alleged an onset of disability date of February 1, 2004 (Tr. 159). The Plaintiff amended this date to January 1, 2007 (Tr. 411). The ALJ concluded that the Plaintiff was capable of doing his past work as a corrections counselor, and therefore, was not disabled.[2]

The Court has considered the medical evidence in the record, the testimony at the hearings, and all other evidence in the record. The medical history of the Plaintiff and the content of the ALJ's Decision are not in dispute, and need not be repeated here.

---

[2] The claimant bears the burden of proof at this step of the disability analysis. Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1979) (citing 20 C.F.R. § 404.1520).

## II. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and his findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed. 42 U.S.C. § 405(g); Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994) (citing Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981)) (internal citations omitted).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984) (citing Myers v. Richardson, 471 F.2d 1265 (6th Cir. 1972)).

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was

reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." Boyes v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

## III. ANALYSIS

Bentulan's claim before this Court is that the ALJ erred in finding that Bentulan could perform past relevant work as described by the vocational expert witness at the hearing. The Defendant argues that substantial evidence supports the ALJ's finding that Bentulan could perform his past relevant work as a corrections counselor. The Court agrees with the Defendant, and finds that substantial evidence supports the ALJ's decision. Bentulan described the daily work requirements of the job as requiring: 2 hours walking; 2 hours standing; 5 hours sitting; .5 hours climbing; .75 hours stooping; .75 kneeling; .75 hours crouching; 4 hours writing, typing, and handling small objects; and .5 hours reaching (Tr. 179). He said he "had to lift and carry a clip board and books. I carried them all day if I was not sitting." (Tr. 179). He also stated that the heaviest weight he had lifted was 100 pounds, but that he frequently lifted only "less than 10 pounds" (Tr. 179). He did group counseling sessions; individual counseling sessions; progress reports; hygiene maintenance control; problem solving; and clothing coordination (Tr. 212).

At the request of the ALJ, Jeff Summers, M.D., conducted an examination of Bentulan (Tr. 368-378). Plaintiff reported problems with diabetes, high blood pressure, and thyroid gland (Tr. 370). Plaintiff reported difficulty performing strenuous exertion (Tr. 370). Dr. Summers found Diabetes Mellitus Type 2, hypertension, and status post-surgical thyroidectomy (Tr. 372). Dr.

4

Summers concluded by opining that the Plaintiff does not have any specific work limitations (Tr. 372-377).

A vocational expert described Bentulan's job as: "correctional counselor for 11 years from 1993 to 2004, and a DOT number on that is 166.267-022, and that's sedentary, skilled, and reasoning level five, math level three, language level five." (Tr. 419). The ALJ found that Bentulan was not disabled, because he could perform the past relevant work of "corrections counselor" (DOT 166.267-022) (Tr. 27). The ALJ noted that Bentulan could perform this job as he performed it and as it was performed in the local, regional, and national economies (Tr. 27).

The applicable regulation specifically states that a vocational expert can testify to work "either as the claimant actually performed it or as generally performed in the national economy." See 20 C.F.R. § 404.1560(b)(2). If an individual can perform his past relevant work, either as he performed it, or as the work is performed in the national economy, the claimant is not disabled. See SSR 82-61: SSR 82-62. Therefore, a claimant will be "not disabled" at step four of the sequential evaluation if he is able to perform his past relevant work as he performed it or as that job is performed in the national economy. Garcia v. Sec. of HHS, 46 F.3d 552, 556-57 (6th Cir. 1995) (citing SSR 82-61).

The Defendant argues that substantial evidence supports the conclusion that Bentulan could perform this job as it was performed in the national economy. The Court agrees. The vocational expert provided evidence concerning the job as it exists in the national economy (Tr. 419). The identification of a sedentary job was reasonable given the job requirements described by Bentulan. He described a job involving counseling, meeting with people, writing reports, and generally sitting while usually lifting only as much as a clipboard (Tr. 182, 194, 215). Plaintiff's description of lifting 100 pounds on a random occasion does not alter the generally sedentary nature of the job

or erode the ability of the vocational expert to classify this as a sedentary job as performed in the national economy.

Moreover, the Court finds that it was reasonable for the ALJ to rely on the description by the vocational expert of the job as it is performed in the national economy. Not every job is listed in the DOT with the same job descriptions and titles that an employer may choose to use. "The term 'occupation,' as used in the DOT, refers to the collective description of those jobs. Each occupation represents numerous jobs." SSR-00-4p.

**IV. CONCLUSION**

Based upon the foregoing, it is hereby **ORDERED** that the Plaintiff's Motion for Summary Judgment [**Doc. 16**] be **DENIED**, and the Commissioner's Motion for Summary Judgment [**Doc. 19**] be **GRANTED**. The Clerk of Court will be directed to **CLOSE** this case.

ORDER ACCORDINGLY.

ENTER:

*/s/ Bruce Guyton/*
United States Magistrate Judge

6

Case 3:15-cv-00381-HBG   Document 21   Filed 02/13/17   Page 6 of 6   PageID #: 500